IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:21-cr-305 |
| | ) | **Electronic Filing** |
| ANDREW BRENT STEEL | ) | |

## MEMORANDUM ORDER

AND NOW, this 26th day of June, 2024, upon due consideration of defendant's Motion for Reconsideration, IT IS ORDERED that [292] defendant's motion be, and the same hereby is, denied.

As aptly highlighted in the government's brief in opposition, relief pursuant to a motion for reconsideration generally is appropriate where there is a need "to correct a clear error of law or to prevent a manifest injustice in the [] Court's original ruling." United States v. Dupree, 617 F.3d 724, 732 (citing Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) and Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  Such a motion may be "granted for 'compelling reasons,' such as a change in the law which reveals that an earlier ruling was erroneous," but may not be used to advance "arguments that a party should have raised earlier."  Id. (citing Solis v. Current Dev. Corp., 557 F.3d 772, 780 (7th Cir. 2009)).

The common grounds for relief are "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).  Merely advancing or refining an argument that already has been considered does not supply a basis for relief.  Id.

Defendant's efforts to obtain a new result fall short on multiple levels.  First, the motion does not identify any clear error of law or an intervening change in the controlling law.  Nor does it highlight new evidence that was not available at the time of the hearing.

Finally, the motion does not present a showing that manifest injustice can only be avoided by reconsideration.  In this regard, defendant merely seeks to reargue the evidence the court considered and have it reach a different result; *i.e.*, find that defendant was not present or accurately identified by Officer Taylor (and in turn grant his motion to suppress).  But the record did not support this assessment at the conclusion of the suppression hearing and it does not support it now.  As noted by the government, the very photograph that defendant highlights is consistent with, not contrary to, the officers' testimony and merely serves to corroborate the reasons the court gave in denying defendant's motion to suppress.

For all these reasons, even if the court were free to reconsider its ruling on defendant's motion to suppress, it would deny the motion for the same reasons stated at the suppression hearing.  Consequently, defendant's motion for reconsideration has been denied.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:   Brendan J. McKenna, AUSA
      Ryan R. Smith, Esquire

      United States Marshal

      (*Via CM/ECF Electronic Mail*)